IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FREDERICK MAURICE ASHMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DETECTIVE WHITE, et al., | ) ) |
| Defendants. | ) ) |

CASE NO. 3:21-CV-390-ECM-KFP
[WO]

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the Court on a Complaint filed by Plaintiff, an indigent inmate, regarding actions related to his arrest for various criminal offenses. Doc. 1 at 2–3. Defendants filed a Special Report supported by relevant evidentiary materials, including affidavits, jail records, and video recordings, in which they address Plaintiff's claims and deny any violation of his constitutional rights. Doc. 11. The Court ordered Plaintiff to respond to Defendants' Special Report by August 25, 2021, and advised that a failure to respond would be treated "**as an abandonment of the Complaint and a failure to prosecute this action**." Doc. 12 at 1 (emphasis in original). The Court's Order also cautioned that a failure to respond would result in a recommendation of dismissal by the Magistrate Judge. *Id*. Plaintiff's deadline to respond has expired, and he has filed no response in opposition to Defendants' Special Report. Accordingly, the Court concludes this case should be dismissed.

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F.

App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal is proper. Because Plaintiff is an indigent inmate, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of Defendants' Special Report and the Court's Order suggests a loss of interest in the prosecution of this case. Based on this inaction, it appears that additional efforts to secure his compliance would be unavailing and a waste of the Court's scarce judicial resources. As a result, dismissal is warranted. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey court order is generally not an abuse of discretion where a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket[,]" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").

For the above stated reasons, the Magistrate Judge RECOMMENDS that this case be dismissed without prejudice.

It is further ORDERED that by **September 28, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous,

conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of September, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE